**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-6064**

WILLIE JEROME HENRY, JR., a/k/a Romey,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Jackson L. Kiser, Senior District Judge.  (CR-93-70035)

Submitted:  May 27, 2005                  Decided:  July 6, 2005

Before LUTTIG and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Willie Jerome Henry, Jr., Appellant Pro Se.  Donald Ray Wolthuis, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Willie Jerome Henry, Jr., a federal prisoner, seeks to appeal the district court orders dismissing his Fed. R. Civ. P. 60(b) motion for lack of jurisdiction and denying his Fed. R. Civ. P. 59(e) motion to reconsider. A district court must treat a Rule 60(b) motion as a successive collateral review application "when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" United States v. Winestock, 340 F.3d 200, 206 (4th Cir.), cert. denied, 540 U.S. 995 (2003) (quoting Calderon v. Thompson, 523 U.S. 538, 553 (1998)). In distinguishing between a proper motion for reconsideration and a successive application, "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." Winestock, 340 F.3d at 207. We conclude that because Henry's motion directly attacks his sentence and does not allege a defect in the collateral review process, Henry's motion was a successive 28 U.S.C. § 2255 (2000) motion.

An appeal may not be taken from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A

certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable or wrong and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that Henry has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

Additionally, we construe Henry's notice of appeal and informal brief on appeal as an application to file a successive § 2255 motion. See Winestock, 340 F.3d at 208. In order to obtain authorization, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence sufficient to establish that no reasonable fact-finder would have found the movant guilty. 28 U.S.C. §§ 2244(b)(3)(C), 2255 ¶ 8 (2000). Henry's claims do not satisfy either of these conditions. Therefore we decline to grant Henry authorization to file a successive § 2255 motion. We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>
